UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PETER VALENTINI,   MEMORANDUM AND ORDER

      Plaintiff,   CV 07-1402

   -against-   (Wexler, J.)

B.I.M. MINING CORP., GREGORY
SCARLATO, HARRY K. KAHALE, and
RICHARD GRAHAM,

      Defendants.
----------------------------------------------------------X
APPEARANCES:

    MAX MARCUS KATZ, PC.
    BY: ANIL K. PRABHU, ESQ.
    Attorneys for Plaintiff
    88 University Place
    New York, New York 10003

    LAW OFFICES OF THOMAS F. LIOTTI
    BY: EDWARD A. PALTZIK, ESQ.
    Attorneys for Defendant
    600 Old Country Road
    Garden City, New York 11530

WEXLER, District Judge

    This is a case in which Plaintiff alleges claims of fraud as well as violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO"), alleging that defendants engaged in a pattern of racketeering activity in connection with the sale of certain investments. Plaintiff moves for summary judgment against all Defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

    To establish a RICO claim pursuant to 18 U.S.C. § 1962(c), plaintiff must prove "(1) a

---

[1] The court notes that one of the named Defendants, Gregory Scarlato, has filed for bankruptcy protection. While the case will not therefore proceed against this defendant, the case will otherwise go forward.

violation of the RICO statute . . . (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." Attorney General of Canada v. R.J. Reynolds Tobacco Holdings, Inc., 268 F.3d 103, 107 (2d Cir. 2001); Pinnacle Consultants, Ltd. V. Leucadia Nat'l Corp., 101 F.3d 900, 904 (2d Cir. 1996); New York Transportation, Inc. v. Naples Transportation, Inc., 116 F. Supp.2d 382, 387 (E.D.N.Y. 2000). A violation of Section 1962(c) is properly pled by a showing of: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." De Falco v. Bernas, 244 F.3d 286 306 (2d Cir.), cert. denied, 122 S. Ct. 207 (2001), quoting, Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).

While Plaintiff alleges each of the elements, Defendants deny Plaintiff's allegations. In particular, Defendants characterize the parties' relationship as contractual in nature. It is argued that any dispute among the parties amounts to no more than a possible claim for breach of contract.

Upon consideration of the papers in support of and in opposition to the motion, this Court finds that genuine issues of material fact exist precluding the entry of summary judgment with respect to Plaintiffs' claims. See Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law."); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Donohue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987). Accordingly, Plaintiff's motion for summary judgment is denied.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
June 30 2009