CW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PETER VALENTINI,                                    MEMORANDUM AND ORDER

        Plaintiff,                              CV 07-1402

    -against-                                       (Wexler, J.)

B.I.M. MINING CORP., GREGORY
SCARLATO, HARRY K. KAHALE, and
RICHARD GRAHAM,

        Defendants.
----------------------------------------------------------X
APPEARANCES:

    MAX MARCUS KATZ, PC.
    BY: ANIL K. PRABHU, ESQ.
    Attorneys for Plaintiff
    88 University Place
    New York, New York 10003

    B.I.M. MINING CORP.
    2235 E. Flamingo Road
    Las Vegas, NV 89119
    GREGORY C. SCARLATO
    c/o Metropolitan Detention Center
    Brooklyn, NY 11232

    HARRY K. KAHALE
    c/o Metropolitan Detention Center
    P.O. Box 329002 2235
    Brooklyn, NY 11232

    RICHARD GRAHAM
    PO Box 97737
    Las Vegas, NV 89193

WEXLER, District Judge

    This is a case in which Plaintiff alleges claims of fraud as well as violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO"). Briefly

stated, Plaintiff alleges that Defendants engaged in a pattern of racketeering activity in connection with the sale of certain investments. In a Memorandum and Order dated January 3, 2011, this court granted Plaintiff's motion for summary judgment against all Defendants. Judgment was thereafter entered against all Defendants in an amount exceeding $1.2 million. Presently before the court is the motion of Defendant Richard Graham ("Graham"), pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to set aside the judgment. For the reasons set forth below, the motion is denied.

## Background

This civil matter was filed in 2007. In early 2009, a related criminal proceeding was commenced, in this District, against the same individual Defendants named herein. The criminal prosecution was commenced pursuant to an indictment charging Defendants with crimes stemming from the same facts forming the basis of this action. This court closed this matter pending the criminal proceedings, with the right to re-open upon termination of those proceedings.

On February 19, 2010, a jury found Defendants guilty on all counts of the indictment. Defendants Scarlato and Kahale were immediately remanded. Defendant Graham was released pending sentencing. In March 2010, prior to the sentencing of the Defendants in the criminal matter, the court re-opened this case. In July 2010, Plaintiff was granted leave to move for summary judgment. The court entered a briefing schedule as to that motion, and ordered Plaintiff to ensure that Defendants (two of whom were incarcerated) were served with all motion papers, requiring the filing of proof of service with the court. This court's order further specified that if a Defendant required additional time in which to respond to the motion for summary judgment, a specific request should be made to the court for its consideration. The motion for summary judgment was served on Defendants in August 2010. Responses to the motion were due on

September 6, 2010. Defendants filed neither responses to the motion, nor requests for additional time in which to respond. Thereafter, in October of 2010, Defendants were sentenced in the criminal matter. Graham, the Defendant who seeks relief by way of this motion, was sentenced to a five year period of probation and ordered to pay restitution in the amount of $1,019,000, along with a $700 special assessment.

On January 3, 2011, five months after service of the motion for summary judgment, and fourth months after responses thereto were due, this court granted Plaintiff's motion for summary judgment against all Defendants. In light of the fact that no Defendant either responded to the motion or requested additional time in which to respond, the motion was granted as unopposed. Defendant Graham now seeks to set aside the judgment pursuant to Rule 60(b).

## Disposition of the Motion

Rule 60(b) of the Federal Rule of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ.P. 60(b). The grounds upon which a Rule 60(b) motion may be made are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The last-named ground, while broadly worded, is narrowly construed in this Circuit. See Harris v. United States, 367 F.3d 74, 80 (2d Cir.2004). Rule 60(b) motions are not favored and are properly granted only upon a showing of "exceptional circumstances." Paddington Partners v.

Bouchard, 34 F.3d 1132, 1142 (2d Cir.1994); United States v. Graves, 2007 WL 1461325 *1 (W.D.N.Y. 2007).

In support of his motion for consideration, Defendant states only that he did not have the "wherewithal to file a response to the motion." He offers no explanation as to why he failed to file either a response to the motion, or an extension of time in which to respond. This court was aware of the incarceration of certain Defendants, and of the pending criminal proceedings. It therefore entered an order aimed at ensuring prompt service of the motion, and expressed a willingness to extend the time in which to respond to the motion. After the passage of five months, long after the time in which a response to the motion was required, the court finally granted the motion as unopposed. Plaintiff makes not real excuse for his failure to take any action with respect to the motion. The court, therefore, cannot find that this case presents the exceptional circumstance in which the court should exercise its discretion to set aside the judgment.

## Conclusion

For the foregoing reasons, the motion to set aside the judgment in this matter is denied. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.

LEONARD D. wEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       March 30, 2011